[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Roland Jeanneret, by writ, summons and complaint, dated April 5, 1999, has filed an Eight-Count Complaint, naming as defendants Judd and Associates, Inc. and William F. Judd.
The first Seven Counts brought against the defendant, Judd and Associates, Inc. allege as follows: Count One, Breach of Contract; Count Two, Breach of Implied Contract; Count Three, Quantum Meruit; Count Four, Unjust Enrichment; Count Five, Unfair Trade Practices; Count Six, Breach of Implied Covenant of Good Faith and Fair Dealing and Count Seven, Breach of Implied Contract of Employment.
In Count Eight, brought against the defendant, William F. Judd, the plaintiff alleges Tortious Interference with a Contractual or Business Relationship; Count Nine, brought against both defendants, Promissory Estoppel.
The defendants filed an answer and counterclaim, dated January 18, 2000.
By way of counterclaim, the defendant, Judd and Associates, Inc. allege, in Count One, Breach of Contract; Count Two, also Breach of Contract; in Count Three, Tortious Interference with its Business Expectancies.
After a full trial, the court, by a preponderance of the credible, relevant, reliable and legally admissible evidence, and the reasonable, rational, logical and lawful inferences to be drawn therefrom, finds, rules and determines as follows:
At the close of the case, the court entered judgment for the defendant, William F. Judd, on the Count Eight of the plaintiff's complaint, declaring that the plaintiff failed to prove that the defendant tortously interfered with his contractual and business CT Page 2608 relationship.
Further, judgment should enter, on Count Seven of the plaintiff's complaint, for the defendant, Judd and Associates, Inc. because the parties admit in their pleadings that the plaintiff was an independent contractor and not an employee.
After the plaintiff rested, the court dismissed Count Nine of the plaintiff's complaint.
During the course of the trial, the parties entered into a written stipulation as follows:
1. After consideration for adjustments made, the amount of the plaintiff's claim for commission due is $60,918.30.
2. After review of commission statements for May and June of 1997 and commission statements received from Tasco for the months of May through December 1997, the defendant acknowledges having received commissions claimed due by the plaintiff and denied due by the defendants in the amount of $45,311.67.
Judd and Associates, Inc. and its president, William F. Judd, during 1993 and for some time prior thereto, engaged in the business of selling, as agents and brokers for manufacturers, various products, primarily firearms and related sports equipment, in a territory covering in general the East Coast of the United States. Manufacturers represented by the defendants included: Colt Firearms, Tasco, Inc., Savage Arms, Inc. and Streamlite, Inc.
The corporation was paid commissions by the manufacturers in accordance with written contracts which detailed territory and responsibilities. In order to meet these responsibilities, the corporation retained independent contractors designated as independent sales agents, assigning them portions of its territory and compensating them on a shared commission basis.
The plaintiff was hired by the corporation as an independent sales agent, on January 1, 1993. The parties entered into an oral contract under which the plaintiff was to be paid a certain commission on sales generated by him.
The plaintiff served as an independent contractor under the oral contract with the defendant until April 8, 1997, when he stated to the defendant, William F. Judd, that he, Ronald Jeanneret, had agreed to CT Page 2609 represent, independently of Judd and Associates, Taurus International, a manufacturer of firearms and related products. The defendants terminated the plaintiff's employment as an agent on said date.
The plaintiff was paid his earned commission, pursuant to his oral contract for a period of thirty days following termination.
The defendant refused to pay any additional funds to the plaintiff claiming that he had received all the compensation he was entitled to under the terms of the oral contract alleging that the plaintiff had been paid in accordance with his contract which embodied the standard practices of the industry.
The defendant presented evidence indicating that a standard custom in the industry was to pay incoming commissions due to a new agent, even though the sales were generated by the outgoing agent, and to cease paying commissions due to the outgoing agent, after a period from thirty to ninety days after termination.
However, the court found that there was no oral or written representation that the aforesaid custom was incorporated into the oral contract between the plaintiff and the defendants.
Evidently, in the trade, the rationale governing the custom was that although the outgoing agent generated the sales, the incoming agent services the account and should be paid for same. Additionally, the commission is not due the agent when the sale is made but becomes due at the time the principal (here the defendant) is paid. Unfortunately, this custom overlooks or countenances the fact that the outgoing agent has no control over when the principal is paid and such a custom is subject to abuse in that the buyer could delay payment until after the allotted time that the payment would be made to the outgoing agent.
The terms of a contract must be express, whether oral or written, so that the parties may execute the same in equal understanding. The understanding in this case was that the plaintiff was to be paid his commissions due when paid, regardless of the time elapsing after the agent's termination. The alleged custom of the trade amounts to a forfeiture of the agent's earned commissions. Courts do not look favorably on forfeitures. Any such condition in a contract, oral or written must be fully understood by the parties and incorporated in their agreement and not be incorporated by a custom of which one of the parties might not be aware.
The court expressly finds that the custom claimed by the defendants, CT Page 2610 that the plaintiff was not to be paid after thirty days was not included in the oral contract between the parties.
The court finds that the convincing evidence of the amount due the plaintiff is $45,311.67.
Accordingly, judgment is entered on Count One of the plaintiff's complaint, for the plaintiff to recover of the defendant, Judd and Associates, Inc. the sum of $45,311.67 plus interest from the date the commissions became due, plus costs of suit.
The court finds that on Count Five, CUTPA that the dispute here was over the terms of an oral contract and not a violation of CUTPA on the part of the defendant.
Judgment is to enter for the defendant on all other counts of the plaintiff's complaint.
And, judgment is to enter for the plaintiff on all counts of the defendant's counterclaim.
 Daniel F. Spallone Judge Trial Referee
CT Page 2611